IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THERON C. SCHEURER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-05-1416-C |
| | ) |
| CORRECTIONS CORPORATION | ) |
| OF AMERICA, a Maryland corporation, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff brought this action asserting claims for violation of the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq.* (ADA). Defendant filed the present motion, arguing Plaintiff's case should be dismissed because he did not file his Complaint within ninety days of the date he presumptively received his right-to-sue notice from the EEOC. Plaintiff argues Defendant's motion should be denied as there is no evidence Plaintiff received his notice prior to November 14, 2005, when his counsel received a copy. According to Plaintiff, because his Complaint was filed within ninety days of that date, on December 6, 2005, the motion should be denied.

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material

fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977).  The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A fact is material if it is essential to the proper disposition of the claim.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant.  Fed. R. Civ. P. 56(e).  These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves."  Celotex, 477 U.S. at 324.  Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits.  Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992).  "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court."  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).  All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

At issue in the present motion is whether Plaintiff's action was timely filed.  To pursue his claim Plaintiff is required to first file a charge of discrimination with the EEOC.  Plaintiff filed such a charge and his counsel notified the EEOC of his representation and requested that any future correspondence with Plaintiff, including any Notice of Rights, be directed to counsel. It was the policy of the EEOC to, when requested, copy counsel on

correspondence including a Notice of Rights. In July of 2005, the EEOC sent Plaintiff and his counsel a letter seeking additional information and noting that in the absence of any additional information the case would be dismissed and Notice of Rights would be issued. Plaintiff and counsel decided not to provide any additional information, await the receipt of the Notice of Rights and proceed in court.

Having heard nothing from the EEOC, in September of 2005, Plaintiff's counsel contacted the EEOC investigator assigned to the charge; that person could not provide any information but stated she would check and return a call to counsel. No such call was made. Counsel then contacted Plaintiff, who searched his personal mail and located no correspondence from the EEOC other than the July letter. In October, counsel again contacted the EEOC investigator. Once again the investigator had no information but promised a return call. No such call was made. On November 11, 2005, counsel sent a letter to the EEOC requesting a Notice of Rights be issued. On November 14, 2005, the Area Director called counsel and informed him a Notice of Rights had been issued on August 4, 2005. In that call the Area Director confirmed the EEOC did not send a copy of the Notice of Rights to counsel as required by its policies. The Area Director also confirmed that counsel had spoken with the investigator and that there was no indication any return calls were made. Counsel received a copy of the Notice of Rights letter on November 15, 2005. To date, Plaintiff cannot find any evidence he ever received a Notice of Rights letter at his home. It is undisputed, however, that the EEOC file indicates the Notice of Rights mailed by the EEOC in August was sent to Plaintiff's correct address.

Pursuant to 42 U.S.C. § 12117(a) a party pursuing an ADA claim must comply with the filing requirements set out in 42 U.S.C. § 2000e-5(f)(1). In pertinent part that statute states:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved . . . .

The Tenth Circuit has interpreted this statute as requiring that suit be filed within ninety days of the *receipt* of the Notice of Rights letter. See Witt v. Roadway Express, 136 F.3d 1424, 1429 (10th Cir. 1998) ("Under 42 U.S.C. § 2000e-5(f)(1) a complainant has ninety days in which to file suit after receipt of an EEOC right-to-sue letter."). The Circuit has made clear that this ninety-day period "is not jurisdictional, but is a requirement that, like a statute of limitation, is subject to waiver, estoppel and equitable tolling." Jarrett v. US Sprint Communications Co., 22 F.3d 256, 259-60 (10th Cir. 1994) (citing Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc., 702 F.2d 857, 859 (10th Cir.1983).

Thus, the initial question that must be answered is when did Plaintiff receive the Notice of Rights letter. Defendant argues that in light of the undisputed fact that the letter was mailed and was mailed to the correct address a presumption arises that Plaintiff actually received the Notice of Rights letter. Contrary to Plaintiff's argument, the Tenth Circuit has

recognized the "mailbox" rule in an employment case. In <u>Witt</u> the Circuit stated: "A rebuttable presumption of receipt does arise on evidence that a properly addressed piece of mail is placed in the care of the postal service." <u>Witt</u>, 136 F.3d at 1429-30. Defendant has produced evidence, which is undisputed, that the Notice of Rights was mailed to Plaintiff at the proper address. Thus, Defendant has satisfied the requirements for establishing the presumption. However, that presumption is rebuttable. <u>Id.</u> In this case, Plaintiff has provided evidence supporting his claim of non-receipt. Plaintiff has provided his affidavit attesting to the fact that he sees his mail and did not receive the Notice of Rights. Plaintiff also attested to the fact that he has searched his home on at least two occasions and on neither occasion could he locate the Notice of Rights. Particularly compelling are the circumstances surrounding issuance of the Notice of Rights in this case. First, Plaintiff was represented by counsel and surely understood the importance and necessity of the Notice of Rights. This fact is bolstered by the assertion in Plaintiff's affidavit that he, on the advice of counsel, decided to not respond to the EEOC's request for additional information for the sole purpose of expediting his right to pursue his case in court. Plaintiff's sworn testimony is that in September, the month after the Notice of Rights was issued, and shortly after the EEOC's July letter informed him the case would be dismissed, he had not received the Notice of Rights so he called his attorney who then called the EEOC. Plaintiff also searched his house at this time and located nothing. Thus, it is clear that not only was Plaintiff aware of the importance of the Notice of Rights, he was taking action to ensure that he acted once the letter was received. Clearly, a reasonable jury could find that Plaintiff did not receive the

Notice of Rights in August as argued by Defendant. As the circuit held in Witt, "evidence denying receipt creates a credibility issue that must be resolved by the trier of fact." Id. at 1430. Thus, Defendant is not entitled to judgment at this time.

Regardless, Defendant's motion must be denied by virtue of equitable tolling. The Tenth Circuit explained the limits of this doctrine as follows:

> This circuit's decisions have indicated that the time limits contained in Title VII will be tolled only where the circumstances of the case rise to a level of "active deception" sufficient to invoke the powers of equity. Cottrell v. Newspaper Agency Corp., 590 F.2d 836, 838-39 (10th Cir.1979). For instance, equitable tolling may be appropriate where a plaintiff has been "lulled into inaction by her past employer, state or federal agencies, or the courts." Carlile v. South Routt School District RE 3-J, 652 F.2d 981, 986 (10th Cir. 1981); see Gonzalez-Aller Balseyro, 702 F.2d at 859. Likewise, if a plaintiff is "actively misled," or "has in some extraordinary way been prevented from asserting his or her rights," we will permit tolling of the limitations period.

Martinez v. Orr, 738 F.2d 1107, 1110 (10th Cir. 1984). Here, the actions or inactions of the EEOC were the direct cause of Plaintiff's "untimely" filing. Despite policy requiring Plaintiff's counsel to be copied on all correspondence, it is undisputed counsel was not timely provided a copy of the Notice of Rights. Further, counsel's telephone calls were met with indifference when it is apparent that had the investigator looked at Plaintiff's EEOC file it would have been clear that a Notice of Rights had been issued. Plaintiff filed his Complaint twenty-one days after receiving the belated Notice of Rights. The Court further notes that even with the delay, Plaintiff's Complaint was filed barely a month after the ninety-day period expired. Clearly, Plaintiff did not sleep on his rights, nor has Defendant offered any evidence it has been prejudiced by the brief delay. This reasoning is in harmony with the

Circuit's teaching that "Title VII is broad remedial legislation that must be liberally construed." Jackson v. Continental Cargo-Denver, 183 F.3d 1186, 1189 (10th Cir. 1999) (citing Gonzalez-Aller Balseyro, 702 F.2d at 859). Accordingly, the Court finds that Defendant's motion should be denied due to application of the equitable tolling doctrine.

As set forth more fully herein, questions of material fact remain regarding the date on which Plaintiff actually received his Notice of Rights. However, given the actions and inactions of the EEOC, the Court finds the doctrine of equitable tolling applies and tolls application of the ninety-day period until Plaintiff's counsel received a copy of the Notice of Rights. Accordingly, Defendant's Motion for Partial Summary Judgment Based upon Jurisdictional Defenses (Dkt. No. 16) is DENIED.

IT IS SO ORDERED this 28th day of March, 2006.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge